PALMER, J.
Edward J. Clark appeals his judgment and sentence which were entered by the *1285 trial court upon the revocation of his probation. We dismiss the appeal for lack of jurisdiction.
At his violation of probation hearing, Clark entered a plea of guilty to the charge of violating his probation. Clark now argues that it was fundamental error for the trial court to find him guilty of the violation charge because he did not willfully violate his probation. Clark also maintains that he was not competent to enter his guilty plea.
Clark failed to preserve these issues for appellate review by either expressly reserving his right to appeal any dispositive ruling or by filing a motion to withdraw his plea. See Benelhocine v. State, 717 So.2d 104 (Fla. 2d DCA 1998)(holding that, having entered his plea, admitting probation violation, without reserving right to appeal any dispositive issue, and without filing motion to withdraw plea before lower tribunal, defendant did not preserve issues related to validity of plea for appellate review). See also § 924.051(4), Fla. Stat. (2004)(explaining that, if a defendant pleads nolo contendere without expressly reserving the right to appeal a legally dis-positive issue, or if a defendant pleads guilty without expressly reserving the right to appeal a legally dispositive issue, the defendant may not appeal the judgment or sentence).
Accordingly, our court lacks jurisdiction to consider Clark’s claims. We dismiss Clark’s appeal without prejudice to Clark’s right to seek appropriate and timely post-conviction relief in the trial court.
DISMISSED without prejudice.
ORFINGER and TORPY, JJ., concur.